JOHN MAGINNIS *v.* HENRY C. CROSBY.

A partner whose interest in the partnership is for two-seventeenths of the profit and loss, is
liable in that proportion to one of his copartners who extinguishes this liability to third persons,
whether by payment or novation.

APPEAL from the Sixth District Court of New Orleans, *Cotton*, J.
*Emerson & Huntington*, for plaintiff. *Rand*, for defendant and appel-
lant.

SPOFFORD, J. The plaintiff, the defendant, and others, were formerly part-
ners in the True Delta newspaper establishment, under the style of *John Ma-
ginnis & Co.* The main object of the partnership was the publication of the
newspaper, but, as usual, there was connected with it the business of job
printing.

The defendant becoming dissatisfied, sought and obtained a dissolution and liquidation of the partnership, before the First District Court of New Orleans, at a time when that court had jurisdiction of civil causes.

The establishment was sold, and the liabilities were found largely to exceed the assets.

The plaintiff, alleging that he had paid the entire balance of the indebtedness, which had not been satisfied by the assets distributed under the orders of the First District Court, afterwards sued the defendant in the Sixth District Court for a contribution of two-seventeenths of said balance, that being the proportion of the defendant's interest in the partnership.

The plaintiff had a verdict and judgment for $2,563 02, and the defendant has appealed.

1. We regard the point concerning the correctness of the Judge's charge as to the mode of attacking the judgment of the First District Court between the same parties, to be immaterial, under the pleadings. That judgment was unappealed from and was *prima facie* correct. If it could have been attacked by the defendant in this suit, it was not attacked by any such averments or evidence as would authorize the court to question its correctness.

2. The same remarks apply to the position, that the judgment of the First District Court could form no suitable basis for this action, until a year had expired from its date, because the parties had that time within which to prosecute an appeal. No exception was taken on this score in the defendant's pleadings in this suit, nor was the correctness of the judgment impeached by any evidence.

3. The defendant contends that he and the plaintiff were not commercial partners; that therefore they were not bound *in solido* for the debts of the partnership, but only jointly; and that, as the sole basis of the plaintiffs' demand is the supposed legal subrogation which arises from the payment alleged to have been made by the plaintiff of the partnership debt, the action must fail, inasmuch as the plaintiff was not bound *for* or *with* the defendant, and so had not an interest in discharging the defendant's share. C. C. 2157.

It is not material to decide whether this was a commercial or a particular partnership. The doctrine of subrogation has nothing to do with the plaintiffs' right of action, as no liens, mortgages or privileges, are claimed by him. His right to recover, rests upon the position that he has done the defendant's affair, by paying the defendant's debt. If they were commercial partners, they were bound *in solido*, for the debts which the plaintiff says he has paid; if they were ordinary partners, the defendant was bound (towards the creditors) for his virile share, in proportion to the number of partners, which far exceeded what he would owe his partners on a settlement *inter se*, since his share of profit or loss was limited to two-seventeenths of the whole.

If the plaintiff has paid the whole amount of the partnership losses, he has a right to claim a contribution of two-seventeenths from the defendant, even if they were ordinary partners. This is an inference of law from the terms of the partnership agreement.

4. The only remaining question is, has the plaintiff satisfied the debts of the firm of *John McGinnis & Co.*; for it is not denied that the alleged indebtedness really existed. The appellant argues that some of these debts have been novated merely by the substitution of the plaintiff's individual obligations for the extinguished partnership liability. We deem this immaterial, for if the

51

McGINNIS
v.
CROSBY.

defendant has been discharged from an absolute pecuniary liability, he has been benefited to that extent by the plaintiff's act, and he is liable to reimburse him, in the ratio of two-seventeenths of the entire balance of the indebtedness of the partnership, after deducting all its assets. The proof is sufficiently clear of the amount of that balance, and that the partnership has been discharged from liability for it, by the act of the plaintiff. For this service, he is entitled to an indemnity.

Judgment affirmed.